**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000024
09-DEC-2015
03:46 PM**

NO. CAAP-13-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY A NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR GSR 2006-OA1, Plaintiff-Appellee, v. JOSEPH BILLETE; MARIVEL BILLETE, Defendants-Appellants, and JOHN DOES 1-20; JANE DOES 1-20, Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(EWA DIVISION)
(DC CIVIL NO. 1RC12-1-6213)

ORDER GRANTING IN PART AND DENYING IN PART
APPELLANTS' MOTION FOR RECONSIDERATION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

On December 7, 2015, Defendants-Appellants Joseph Billete and Marival Billete (the **Billetes**) filed a Motion for Reconsideration of this Court's November 27, 2015 Memorandum Opinion, arguing that: (1) the court erred in concluding that the Billetes did not timely appeal from the Order Denying Motion to Dismiss, Judgment for Possession, or Writ of Possession, which were entered on November 15, 2012, because to the extent their November 28, 2012 motion sought relief pursuant to District Court Rules of Civil Procedures (**DCRCP**) Rule 59(e), it was untimely;[1] and (2) the court erred in concluding that the date of the "issuance" of the subject transfer certificate of title, and not the date that the certificate became searchable in the Bureau of

---

[1] This court nevertheless considered, pursuant to DCRCP 60(b), the arguments raised by the Billetes in their November 28, 2012 motion.

Conveyances, was the date upon which title became conclusive and unimpeachable under <u>Aames Funding Corp. v. Mores</u>, 107 Hawai'i 95, 102-03, 110 P.3d 1042, 1049-50 (2005).

The motion is granted in part as to the first issue. Although the Billetes' district court motion for reconsideration was filed on November 28, 2012, it appears from the record on appeal that the motion was served on Plaintiff-Appellee Deutsche Bank National Trust Company, a National Bank Association, as Trustee for GSR 2006-OA1 (**Deutsche Bank**) on November 26, 2012. DCRCP Rule 59(e), unlike Hawai'i Rules of Civil Procedure Rule 59(e), requires <u>service</u>, not filing, not later than 10 days after entry of judgment.[2]

Nevertheless, the Billetes' DCRCP Rule 12.1 Declaration's challenge to MERS's authority to assign the Billetes' mortgage to Deutsche Bank, which they assert rendered that assignment fraudulent, is without merit.  In addition, as the Billetes failed to raise their challenge to the notice of the change of the date, time, and place of the foreclosure sale prior to the issuance of the transfer certificate of title, in accordance with <u>Aames</u>, the Billetes failed in their DCRCP Rule 12.1 Declaration to state particulars concerning a basis for their claim that title was in issue.

The Billetes' December 7, 2015 Motion for Reconsideration is otherwise denied.

For these reasons, the District Court of the First Circuit's November 15, 2012 Order Denying Dismissal, Judgment of Possession, and Writ of Possession, as well as the District

---

[2]      The Billetes also submit that the motion to reconsider was submitted to and received by the district court on November 26, 2012, but that the district court delayed the entry into the record for two days.  The document they rely upon does not appear to be in the record on appeal.  In light of the service date, however, we need not seek clarification of the filing date, pursuant to Hawai'i Rules of Appellate Procedure Rule 10(e).

Court's January 8, 2013 Order Denying Reconsideration, are affirmed.

DATED: Honolulu, Hawai'i, December 9, 2015.

On the motion:

Gary Victor Dubin
Frederick J. Arensmeyer
for Defendants-Appellants

Chief Judge

Associate Judge

Associate Judge